A07A0036. GAVAHI-KASHANI v. AUTOMOTIVE FINANCE
CORPORATION.
(648 SE2d 672)

PHIPPS, Judge.

Mohamad Gavahi-Kashani sued Automotive Finance Corporation ("AFC") for wrongful repossession and conversion of his automobile. Gavahi-Kashani subsequently moved for partial summary judgment on the issue of liability, and AFC filed a cross-motion for summary judgment. After denying Gavahi-Kashani's motion, the trial court granted summary judgment to AFC. Gavahi-Kashani appeals both rulings. For reasons that follow, we reverse the award of summary judgment to AFC, but affirm the denial of Gavahi-Kashani's motion for partial summary judgment.

---

[21] *Parks v. Multimedia Technologies*, 239 Ga. App. 282, 289 (3) (b) (520 SE2d 517) (1999).

1. Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.[1] We review an award of summary judgment de novo, construing the evidence and all reasonable inferences therefrom in favor of the nonmoving party.[2]

Viewed in this manner, the record shows that Y & Y Auto Sales, Inc. ("Y & Y"), a retail car dealership, borrowed money from AFC to purchase inventory. In exchange for financing, Y & Y gave AFC a promissory note and executed a security agreement, through which AFC held a lien and security interest in Y & Y's car inventory.

Y & Y defaulted on the note and security agreement. Purportedly exercising its rights under the agreement, AFC repossessed twenty cars — including Gavahi-Kashani's 1985 Mercedes — from the Y & Y sales lot during the early morning hours of January 24, 2000. At that time, the Mercedes bore a temporary drive-out license tag with Y & Y's trade name on it.

Four days later, Y & Y's attorney demanded return of the vehicles, asserting that the cars taken by AFC were on consignment to Y & Y and did not fall under the security agreement. AFC did not comply with the demand, and Y & Y sued for conversion and other claims. The status of that litigation is unclear, although it appears that AFC obtained summary judgment on the conversion claim. Thereafter, Gavahi-Kashani brought this suit, asserting that AFC unlawfully took his Mercedes, which he claimed had been left at Y & Y for repairs, not consignment.

AFC moved for summary judgment, arguing that Gavahi-Kashani cannot recover because, at the time of the repossession, he had either sold or consigned his car to Y & Y. According to AFC, "[u]nder either scenario, [it] had a right to keep the . . . car," given its security interest in the Y & Y inventory. The trial court granted AFC's motion. On appeal, Gavahi-Kashani claims that questions of fact remain as to AFC's right to repossess the car. We agree.

Gavahi-Kashani testified that a few days before the repossession, his nephew left the car at Y & Y for repairs. According to Gavahi-Kashani, a window needed to be fixed, and he also asked Y & Y to "check everything." Several days later, Y & Y informed him that the car had been removed from the lot. Gavahi-Kashani presented evidence of his certificate of title to the car, and he asserted that he had neither transferred title to Y & Y nor asked Y & Y to sell the car on consignment. He further testified that when his nephew took the car to Y & Y, it had a Georgia license plate on it. Y & Y's owner

---

[1] See OCGA § 9-11-56 (c).
[2] See *Jackson v. Ford*, 252 Ga. App. 304 (1) (555 SE2d 143) (2001).

confirmed that the dealership performed repair work on cars. The owner also testified that Gavahi-Kashani's car was at Y & Y for a window repair and "tune-up."

Although AFC argues on appeal that Gavahi-Kashani had either sold or consigned his car to Y & Y, the above-described evidence raises a question of fact as to whether the car was, in fact, on the lot simply for repairs. Thus, even if AFC was authorized to repossess a vehicle belonging or consigned to Y & Y, summary judgment was inappropriate. We recognize that certain evidence — such as Y & Y's statements to AFC after the repossession, the temporary license tag on the Mercedes, facts showing that the car was not then insured or registered with the appropriate county office, and Gavahi-Kashani's signature on the back of his car title in the box marked "seller" — raises an inference that the Mercedes had been sold or consigned. But Gavahi-Kashani offered at least some explanation for this evidence, including his signature on the car title, and other evidence creates a factual issue as to why the car was on the lot. The trial court, therefore, erred in granting summary judgment to AFC.[3]

2. Gavahi-Kashani also argues that he should have received summary judgment on the issue of liability, given the evidence that his car was on the Y & Y lot for repairs. As noted above, however, questions of fact remain as to the car's ownership and the reason for its presence on the sales lot. Accordingly, the trial court properly denied Gavahi-Kashani's motion for partial summary judgment.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 22, 2007.

*S. Robert Hahn, Jr., George L. Kimel*, for appellant.
*Howick, Westfall, McBryan & Kaplan, David R. Dolinsky*, for appellee.

---

[3] See *Ford*, supra at 311-312 (2) (b); *Fulton v. Anchor Sav. Bank*, 215 Ga. App. 456, 468 (5) (452 SE2d 208) (1994) (physical precedent only); see also *Jordan v. Atlanta Neighborhood Housing Svcs.*, 171 Ga. App. 467, 469 (1) (320 SE2d 215) (1984) (" '[O]n summary judgment the court is concerned only with whether there is a genuine issue of fact for determination and not with the difficulty the appellant may have in proving his case.' ").